UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re: | Chapter 11 |
| PACIFIC AVENUE, LLC, | Case No. 10-32093 |
| Debtor. | |
| In re: | Chapter 11 |
| PACIFIC AVENUE II, LLC, | Case No. 10-32095 |
| Debtor. | |

**DEBTORS' MOTION FOR ORDER DIRECTING JOINT
ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Pacific Avenue, LLC ("Pacific Avenue"), and Pacific Avenue II, LLC ("Pacific Avenue II"), debtors and debtors-in-possession in the above-captioned case (the "Debtors"), hereby move (the "Motion") the Court for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy procedure (the "Bankruptcy Rules"), authorizing and directing the joint administration of the Debtors' related Chapter 11 cases (the "Related Cases") for procedural purposes only. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION**

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this Court under 28 U.S.C. § 1408.

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b).

## BACKGROUND

3. On July 22, 2010 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. Together, as tenants-in-common, the Debtors own and operate the EpiCentre, a mixed-use commercial development consisting of approximately 302,000 rentable square feet of office and retail/entertainment space, plus an underground parking deck, located at 210 E. Trade St. in the city block surrounded by the light rail line, Fourth Street, College Street, and Trade Street in uptown Charlotte, North Carolina (the "Property").[1] The Debtors have operated the EpiCentre jointly, as one venture, without regard to their separate ownership interests.

5. The Debtors continue to operate their businesses and mange their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee, trustee, or examiner has been appointed in these cases.

## RELIEF REQUESTED

6. By this Motion, the Debtors respectfully request the entry of an order authorizing and directing the joint administration of the Related Cases for procedural purposes only.

7. The Debtors also request that the caption of the Related Cases be modified to reflect the joint administration of the Related Cases substantially as follows:

---

[1] Pacific Avenue II, LLC owns a 88% undivided interest in the Property, and Pacific Avenue, LLC owns a 12% undivided interest.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re: | CASE NO. _____ |
| Pacific Avenue, LLC,[1] et al., | CHAPTER 11 |
| DEBTORS. | Jointly Administered |

[1] These jointly administered cases are those of the following debtors: Pacific Avenue, LLC and Pacific Avenue II, LLC, Case numbers 10-32093 and 10-32095, respectively.

## BASIS FOR RELIEF REQUESTED

8. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b).

9. The Debtors respectfully represent that joint administration of the Related Cases is warranted (a) because the Debtors' financial affairs and business operations are intertwined; (b) because joint administration will ease the administrative burden on the Court and the parties; and (c) because joint administration would protect creditors of the two estates against potential conflicts of interest.

10. The Debtors anticipate that most—if not all—notices, applications, motions, and other pleadings, hearings and orders in these cases will affect both of the Debtors. With two affiliated debtors, each with its own case docket, the failure to administer the Related Cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would unnecessarily overburden the Debtors and the Clerk of this Court (the "Clerk") and may otherwise be confusing for the Court, creditors, and other parties in interest.

11. Joint administration will permit the Clerk to use a single docket for the Related Cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Joint administration also will protect parties-in-interest by ensuring that such parties-in-interest in the Related Cases will be apprised of the various matters before the Court in these cases.

12. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth above.

13. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Related Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against each of the estates. The rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of the Related Cases by the Office of the Bankruptcy Administrator also will be simplified.

## NOTICE

14. No trustee, examiner, or creditors' committee has been appointed in this chapter 11 case. The Debtors have served notice of this motion on (i) the top twenty holders of general unsecured claims against Pacific Avenue; (ii) the top twenty holders of general unsecured claims against Pacific Avenue II; (iii) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; (iv) counsel for Regions Bank, the administrator for the Debtors' bank group creditors; and (v) secured creditors Preferred Parking Service, LLC and US

Bank NA. No previous application for the relief requested herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors, respectfully request that the Court enter an Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the joint administration of the Related Cases, and (b) granting such further relief as is just and proper.

This is the 22nd day of July, 2010.

                                      GRIER FURR & CRISP, PA

                                      s/ Joseph W. Grier, III
                                      Joseph W. Grier, III (NC State Bar No. 7764)
                                      A. Cotten Wright (NC State Bar No. 28162)
                                      Anna S. Gorman (State Bar No. 20987)
                                      101 N. Tryon St., Ste. 1240
                                      Charlotte, NC 28246
                                      Telephone: (704) 375-3720
                                      Facsimile: (704) 332-0215
                                      jgrier@grierlaw.com
                                      cwright@grierlaw.com
                                      agorman@grierlaw.com
                                      *Counsel for the Debtors*

# EXHIBIT A

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| In re: | Chapter 11 |
| PACIFIC AVENUE, LLC, | Case No. 10-32093 |
| Debtor. | |
| In re: | Chapter 11 |
| PACIFIC AVENUE II, LLC, | Case No. 10-32095 |
| Debtor. | |

**ORDER AUTHORIZING JOINT ADMINISTRATION OF**
**RELATED CHAPTER 11 CASES**

Upon the Motion of Pacific Avenue, LLC and Pacific Avenue II, LLC, the debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), for entry of an order, pursuant to Section 105(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and directing the joint administrating of the Debtors' related chapter 11 cases (the "Related Cases") for procedural purposes only; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and

upon the record therein; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1) The Motion is GRANTED;

2) The above-captioned chapter 11 cases are hereby consolidated for procedural purposes only and shall by jointly administered by this Court;

3) Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases;

4) The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

| In re: | CASE NO. _____ |
|---|---|
| **Pacific Avenue, LLC,**[1] **et al.,** | CHAPTER 11 |
| **DEBTORS.** | Jointly Administered |

---

[1] These jointly administered cases are those of the following debtors: Pacific Avenue, LLC and Pacific Avenue II, LLC, Case numbers 10-32093 and 10-32095, respectively.

5) The Debtors are hereby authorized to (a) use a combined service list for the jointly administered cases; and (b) send combined notices to creditors of the Debtors' estates and other parties-in-interest as applicable.

2

6) The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and

7) This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

This Order has been signed
Electronically. The judge's
signature and court's seal
appear at the top of the Order.

United States Bankruptcy Court

3